IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

SANTIAGO VALDEZ,                    Cause No. CV-07-114-BLG-RFC-CSO

       Plaintiff,

   vs.                              **ORDER AND FINDINGS AND**
                                     **RECOMMENDATION OF UNITED**
MIKE LINDER and JOHN DOES,           **STATES MAGISTRATE JUDGE**
                                     **RE:  PENDING MOTIONS**
       Defendants.

       _____

Currently pending before the Court are Plaintiff Santiago Valdez's motions to amend his complaint (*Court's Doc. Nos. 12, 13, 16, 17, 20, 21, 22, 23, 25, 28, 29, 32 and 33*); motions for reconsideration of orders denying motion for recusal (*Court's Doc. No. 13, 36*); motions for temporary restraining orders (*Court's Doc. Nos. 15, 16 and 26*); and a motion for copies. (*Court's Doc. No.  24*).

## I.  NATURE OF SUIT

This action was filed on August 20, 2007, as a civil rights action pursuant to 42 U.S.C. § 1983 arising from allegations of false arrest against three law enforcement officers who arrested Plaintiff on July 17, 2007.  Since that original filing, Plaintiff has filed fifteen motions to amend seeking to add approximately 72 additional defendants including but not limited to federal and

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE RE: PENDING MOTIONS / PAGE 1

state court judges, federal and state prosecutors, and numerous
law enforcement officers from Montana, Indiana, Wyoming, and West
Virginia.

## II.   RECONSIDERATION OF MOTION TO RECUSE

Plaintiff's motions for reconsideration of the denial of his
motion for recusal (*Court's Doc. No. 13*, *36*) will be denied for
two reasons.  First, Plaintiff's motions do not meet the standards
of D. Mont. L.R. 7.3(b).  That is, he has not filed a motion for
leave to file a motion for reconsideration, and he cannot
establish that the facts and applicable law are materially
different from the facts and law presented to the Court before the
initial denial of the motion for recusal or that new facts or law
have emerged since the Court's Orders.

Second, Plaintiff has presented no new argument that
convinces the Court that the prior denials of his motion for
recusal were inappropriate.  The mere fact that this Court has
ruled against Plaintiff in prior proceedings does not constitute
grounds for a finding of bias.  There is no basis on which to
question the Court's impartiality or jurisdiction in this matter.

Therefore, Plaintiff's motions for reconsideration (*Court's
Doc. No. 13, 36*) will be denied.

## III.   ALLEGATIONS IN ORIGINAL COMPLAINT

Based upon the information provided by Plaintiff in his
earlier filed petition for writ of habeas corpus (Civil Action No.

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE RE: PENDING MOTIONS / PAGE 2

07-CV-109-BLG-RFC-CSO) and in his pending criminal case (Criminal Action No. 07-CR-104-BLG-JDS), the Court understands Plaintiff's factual allegations as follows.

On July 17, 2007, at approximately 1:10 p.m., as Plaintiff and his parents were about to enter their vehicle, they were approached by the three defendants who identified themselves as United States Marshals with a warrant for Plaintiff's arrest for robbery in Indiana.  Plaintiff contends that the officers could not produce a warrant but showed Plaintiff's father a police report by a detective in Indianapolis, Indiana.  (Civil Action No. 07-CV-109-RFC-CSO, *Court's Doc. No.* 1-2, p. 3).

Plaintiff alleges that as the officers were transporting Plaintiff to Billings they were making phone calls attempting to find or obtain a warrant for Plaintiff's arrest.

On July 18, 2007, Judge Herman of the Yellowstone County Justice Court issued a warrant of detention based upon a fugitive-from-justice complaint.  The warrant of detention was based upon a finding that a criminal warrant had been issued for Plaintiff from the State of Indiana for the crime of robbery. (Civil Action No. 07-CV-109-RFC-CSO, *Court's Doc. No.* 4-2).

On July 20, 2007, United States Marshal Dan R. Keyes signed an affidavit in support of a criminal complaint in federal Court indicating that on or about July 13, 2007, he had received information that Plaintiff, a convicted sex offender from the

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PENDING MOTIONS / PAGE 3

State of Indiana, had been residing in Hardin, Montana, since May of 2007.  Although Plaintiff was supposed to have provided written notice of any change of address and registered with a new county of residence, he had not registered in Montana. (Criminal Action No. 07-CR-104-JDS, *Court's Doc. No.* 1).  On July 20, 2007, United States District Court Judge Richard Cebull issued a warrant for Plaintiff's arrest for failing to register as a sex offender. (Criminal Action No. 07-CR-104-JDS, *Court's Doc. No.* 1).

Plaintiff contends that Defendants conspired to violate his federal constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution as well as provisions of the Montana Constitution for false arrest and false imprisonment.  He alleges that Defendants stated they had a warrant for Plaintiff's arrest but they did not and that the warrant produced later was invalid.

## IV.  MOTIONS TO AMEND

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend their pleading <u>once</u> as a matter of course at any time before a responsive pleading is served.  Plaintiff previously moved for and was granted leave to amend his Complaint. (*Court's Doc. No.* 10-Order of September 18, 2007 granting Plaintiff's Motions to Amend of September 6, 2007 (*Court's Doc. No.* 8) and September 10, 2007 (*Court's Doc. No.* 9)).  Accordingly, Plaintiff may now amend "only with the opposing party's written consent or

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PENDING MOTIONS / PAGE 4

the court's leave."  Leave shall be freely given "when justice so requires."  Fed.R.Civ.P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

"The grant or denial of an opportunity to amend is within the discretion of the District Court."  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  While leave to amend should be freely granted, the United States Supreme Court has noted instances where such an amendment should not be allowed, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendments, futility of amendment, etc."  *Foman*, 371 U.S. at 182; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)("Five factors are taken into account to assess the propriety of a motion for leave to amend:  bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.").  "Futility alone can justify the denial of a motion to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004)(citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).


A.  **Futility of Amendments**

1.  Judicial Immunity

Plaintiff seeks to add ten judges as Defendants for allegedly conspiring to deprive Plaintiff of his constitutional rights and conceal his false arrest and unlawful confinement. Specifically, in his Motion to Amend filed September 19, 2007 (*Court's Doc. No.* 12), Plaintiff seeks to add:  Judge Herman for issuing a warrant; Judge Baugh for handling Plaintiff's extradition proceedings; Judge Hernandez for granting a 60-day extension to Indiana to extradite Plaintiff; Judge Ostby for placing discovery and evidence in different cases and requiring copy costs; Judge Carisle, Superior Court Judge in Marion County, Indiana, for issuing a warrant; and Judge Collins, Superior Court Judge in Marion County, Indiana, for issuing a warrant.

In his Motion to Amend filed October 5, 2007 (*Court's Doc. No.* 14), Plaintiff sought to add Judge Cebull for issuing an arrest warrant for Plaintiff.  That motion was denied by Chief Judge Molloy on December 13, 2007. (*Court's Doc. No. 35).* However, Plaintiff renamed Judges Ostby and Cebull in his motion filed November 20, 2007. (*Court's Doc. No. 33).*  Plaintiff's first motion to add the undersigned was denied by Chief Judge Molloy on December 13, 2007. (*Court's Doc. No. 35*).

In his motion filed October 11, 2007, Plaintiff seeks to name Judge Kellams, a judge in Indiana involved in one of Plaintiff's Indiana convictions. (*Court's Doc. No. 21*).

In his October 15, 2007, Motion to Amend (*Court's Doc. No.*

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PENDING MOTIONS / PAGE 6

22), Plaintiff seeks to add Judge Welch, a judge in Indiana who issued an order of discharge.

As Judge Molloy held in his recent order, judges are absolutely immune from liability for their judicial acts. *Butz v. Economou*, 438 U.S. 478 (1978); *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). A "judge may not be held accountable in damages for a judicial act taken within [the] court's jurisdiction. Such immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496 (1985)(citing *Bradley v. Fisher*, 80 U.S. 335, 20 L.Ed. 646, 13 Wall. 335, 347 (1871)).

The Judges' actions complained of herein were all judicial acts done within their jurisdiction. As such, each judge is absolutely immune from liability for monetary damages for any alleged wrongdoing. Accordingly, any amendment seeking to add these judges would be futile and Plaintiff should not be given leave to amend his original complaint to name the individual judges listed above.

Similarly, grand jurors are entitled to absolute immunity. *See Cleavinger v. Saxner*, 474 U.S. 193, 106 S.Ct. 496 (1985)(citing *Imbler v. Pachtman*, 424 U.S. 409, 423, n. 20 (1976). Accordingly, Plaintiff's proposed amendment to add the foreperson of the grand jury who indicted him (*Court's Doc. No. 33*) would

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PENDING MOTIONS / PAGE 7

also be futile.

        2.  Clerks of Court

     Plaintiff also seeks to name the clerks for the Judges listed
above and Jim Felder, a clerk of court in Indiana. (*Court's Doc.
No.* 25).  Court clerks have absolute quasi-judicial immunity from
suits requesting damages or injunctive relief "when they perform
tasks that are an integral part of the judicial process." *Mullis
v. United States Bankruptcy Court*, 828 F.2d 1385, 1390, 1394 (9th
Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988) (court clerks);
*Stewart v. Minnick*, 409 F.2d 826, 826 (9th Cir. 1969) (per curiam)
(court clerks and reporters).  A mistake or act in excess of
jurisdiction does not abrogate such immunity even if it results in
"'grave procedural errors.'" *Mullis*, 828 F.2d at 1390 (quoting
*Stump v. Sparkman*, 435 U.S. 349, 359 (1978)).  Even allegations of
bad faith, personal interest, outright malevolence, or conspiracy
fail to pierce the cloak of immunity. *McCarthy v. Mayo*, 827 F.2d
1310, 1315 (9th Cir. 1987).

     Plaintiff has made allegations against the court clerks only
with regard to their duties associated with filing court
documents.  As such, the named court clerks are entitled to
immunity and Plaintiff's motions to amend to name the Court's
clerks and Jim Felder should be denied as futile.

        3.  Prosecutorial Immunity

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE RE: PENDING MOTIONS / PAGE 8

A prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman, 424 U.S. 409, 430 (1976)*. Plaintiff's allegations against proposed defendants Gallagher, Hurd, Schrems, Burns, Salzmann, Gastinueau, Rostad, Arthur, the Department of Justice, and the United States Attorney General stem from their activities as prosecutors acting within the judicial phase of the criminal process. Therefore, Plaintiff's proposed amendments to his complaint to name these defendants would be futile and should be denied.

4.   Public Defenders and Non-state actors

Similarly, Plaintiff's motions seeking to name the lawyers who previously represented him in criminal proceedings would be futile. Plaintiff cannot meet the requirements for stating a claim against his lawyers under § 1983. The Ninth Circuit has held that by virtue of the Supreme Court's decision in *Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)*, public defenders are not state actors within the meaning of § 1983 when performing traditional lawyer duties. *Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003)(en banc)*. Even if Plaintiff could prove ineffective assistance of counsel, he cannot state a § 1983 claim for damages against his criminal defense

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PENDING MOTIONS / PAGE 9

lawyers because there would be no state action. *See also* *Cox v. Hellerstein,* 685 F.2d 1098, 1098-99 (9th Cir. 1982) (dismissing a suit against a federal public defender for lack of subject matter jurisdiction).  Thus, any amendment attempting to name Plaintiff's criminal lawyers or their paralegals (specifically proposed defendants Woods, Werner, Collins, Pederson, Chatman, and Bazant) would be futile and leave to amend should be denied.

     5.  <u>Improper Joinder</u>

The vast majority of Plaintiff's amendments seek to bring a wide variety of claims unrelated to the allegations brought in Plaintiff's original complaint.  This is improper under the Federal Rules of Civil Procedure and should not be allowed.  As one court has noted that where the commpliant as amended "would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action, leave to amend should be denied." *Miss. Assoc. of Coops. v. Farmers Home Admin.,* 139 F.R.D. 542, 544 (D.D.C. 1991).

Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, in pertinent part, reads:

> All persons . . . may be joined in one action as
> defendants if there is asserted against them jointly,
> severally, or in the alternative, any right to relief
> in respect of or arising out of the same transaction,
> occurrence, or series of transactions or occurrences
> and if any question of law or fact common to all
> defendants will arise in the action.  A plaintiff or
> defendant need not be interested in obtaining or
> defending against all the relief demanded.  Judgment

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE RE: PENDING MOTIONS / PAGE 10

> may be given for one or more of the plaintiffs
> according to their respective rights to relief, and
> against one or more defendants according to their
> respective liabilities.

Fed.R.Civ.P. 20(a).

Rule 20 is a flexible rule that allows for fairness and judicial economy.  Rule 20(a) permits joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact.  The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.  7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986). "Instead of developing one generalized test for ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts  . . .  have adopted a case by case approach." *Id.,* § 1653 at 382.

Rule 20(a) imposes two specific requirements for the permissive joinder of parties:  (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. *See League to Save*

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PENDING MOTIONS / PAGE 11

*Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977).

Plaintiff seeks to add the following claims which are unrelated to Plaintiff's original claims of false arrest:  (1) allegations against employees of the Yellowstone County Detention Facility regarding the conditions of confinement at that facility (see *Court's Doc.* Nos. 21 and 22 naming proposed defendants Miller, Neiter, Wong, Peterson, and Caldwell); (2) claims alleging denial of access to the courts during Plaintiff's incarceration since his July arrest (See *Court's Doc. No.* 22 seeking to add proposed defendants Schweitzer, Mercer, McKay, the Sheriff of Dawson County, and Dawson County Detention Center employee Vitley); (3) allegations against Nurse Novato from the Dawson County Detention Facility for charging Plaintiff for medical services (*Court's Doc. No.* 22); (4) claims against a number of possible defendants from Indiana regarding prior arrests, convictions, and incarcerations (See *Court's Doc. No*s. 22, 25, and 33 seeking to add proposed defendants Hobbs, Greenwood Indiana Police Department, the Johnson County Sheriff's Department, Defendant Stiver, the Indiana Department of Corrections, the Indiana Parole Board, Parole Agent Nancy Poindexter, Brenda Ogborn, Joe Diebert, Todd Beal, Commissioner Donahue, Indiana Parole Board Members, Jennifer Yates, Carmon Lile, Robert W. Bouser, III); (4) allegations regarding the conditions at the Big

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PENDING MOTIONS / PAGE 12

Horn County Jail where Plaintiff has been incarcerated.  (See *Court's Doc. Nos.* 28, 32 and 33 seeking to add proposed defendants Blackburn, Gluty (Guty), Mathis, Harrison, and Glenn); and (5) allegations that the F.B.I. in Clarksburg, West Virginia, failed to investigate whether Plaintiff's convictions were valid (*Court's Doc. No.*  33, pp. 22-23).

These claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's original false arrest claim and they lack a question of law or fact common to all defendants.  Plaintiff's original complaint named three defendants and involved allegations of false arrest and false imprisonment surrounding Plaintiff's arrest on July 17, 2007.  Plaintiff now seeks to add what appears to be nearly every individual with whom he has had contact within the justice system from Indiana to Montana.  Plaintiff's vast array of claims against the new defendants are disparate and unrelated and are inappropriate for joinder under Rule 20.

Plaintiff has inundated this Court with lengthy and at times incoherent motions to amend his original complaint and seeks to add new defendants and claims unrelated to those presented in the original complaint.  These prolific and convoluted filings only serve to confuse Plaintiff's claims and impede the processing of his case.  For this reason, Plaintiff should be instructed that he may only file documents in this action that are related to the

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PENDING MOTIONS / PAGE 13

claims that he originally sought to pursue in this action.

This includes Plaintiff's motions for temporary restraining orders (*Court's Doc.* Nos. 15, 16, and 26) which seek orders directed at the Yellowstone County Detention Center regarding the conditions of confinement in that institution. These motions should be summarily denied because they have no connection with the claims or parties to this case. Given that the claims at issue in this case only involve Plaintiff's allegedly unlawful arrest, there is no basis for injunctive relief. Any future filings made by Plaintiff in this case that do not concern the issues brought in his original complaint (i.e., Plaintiff's arrest on July 17, 2007) will be recommended for denial.

**B. Amendments that will be Granted**

Plaintiff seeks to amend his Complaint to reflect that the full name of Defendant Keyes is "Dan R. Keyes." (*Court's Doc. No.* 13). That motion will be granted.

Plaintiff also will be allowed to amend his Complaint to bring his claims against Defendants Hickson, Maxwell, Bass, "F.B.I. Agent A46-1665," the United States Probation Office, and Dan Orr as these claims appear to involve allegations pertaining to Plaintiff's arrest on July 17, 2007, and the Court cannot say at this preliminary stage of the litigation that any such amendment would be futile.

**V.   PRESCREENING**

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PENDING MOTIONS / PAGE 14

A.   Standard

As Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  That section reads in pertinent part as follows: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that  . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, ____ U.S. ____, 127 S.Ct. 1955, 1964-65 (2007)(quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (internal citations and quotations omitted).

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PENDING MOTIONS / PAGE 15

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

B.  Claim for Release

As part of the relief sought, Plaintiff is seeking release from custody.  However, when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  This is not a deficiency which could be cured by amendment.  Therefore, the portion of Plaintiff's Complaint which seeks release from custody should be dismissed.

C.  Claims for Damages

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE RE: PENDING MOTIONS / PAGE 16

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

The Ninth Circuit has extended *Heck* beyond the context of convictions to hold that it applies to claims challenging the validity of an arrest, prosecution, or conviction, such as those that Plaintiff presents here. *See, e.g., Guerrero v. Gates,* 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges); *Harvey v. Waldron,* 210 F.3d 1008, 1014 (9th Cir. 2000) (*Heck* bars claims which necessarily implicate the validity of pending criminal charges).

However, in the recent case of *Wallace v. Kato,* ___ U.S. ___, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), the United States Supreme Court held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id.* at 1097-98 (quoting *Heck,* 512 U.S. at 486-87). The Court specifically rejected the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" stating that such a proposition goes "well beyond *Heck.*" *Id.* at 1098

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE RE: PENDING MOTIONS / PAGE 17

(italics in original).  Although the *Wallace* Court was only considering when the statute of limitations began running on a false arrest/false imprisonment claim, the discussion quoted above seems to mean that *Heck* does not apply if a plaintiff has only been arrested or charged, not convicted, which is the case here.

In *Wallace,* the Court said that if a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id.* If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id.*

After *Wallace,* the Ninth Circuit's holding that *Heck* applies to cases directed to pending criminal charges is limited to the situation where there is a conviction in place at the time the federal case is filed.  In cases such as this one, where there is no conviction, it is appropriate to follow the Supreme Court's suggestion and stay the case.  Therefore, this matter will be stayed.

## VI.  MOTION/REQUESTS FOR COPIES

In many of his filings and in his "Motion for a Copy of All

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE RE: PENDING MOTIONS / PAGE 18

Plaintiff's Filings in this case and Civil Docket for Case # 1:07-CV-00109-RFC-CSO" (*Court's Doc. No.* 24), Plaintiff seeks copies of the documents he has filed with this Court free of charge. Plaintiff argues that he has been granted permission to proceed in forma pauperis and since the Court's electronic filing system allows free public access (or at least one free copy to users with electronic access) that he should be sent a copy of each of his pleadings free of charge.

By statute, the Clerk of Court is required to collect payment for making copies of documents. Specifically, 28 U.S.C. § 1914 requires the Clerk to collect from the parties the fees prescribed by the Judicial Conference of the United States. Item 4 of the Judicial Conference Schedule of Fees provides that,

> [f]or reproducing any record or paper, $.50 per page. This fee shall apply to paper copies made from either: (1) original documents; or (2) microfiche or microfilm reproductions of the original records. This fee shall apply to services rendered on behalf of the United States if the record or paper requested is available through electronic access.

The in forma pauperis statute, 28 U.S.C. § 1915, permits the waiver of prepayment of fees and costs for in forma pauperis litigants. *See* 28 U.S.C. § 1915(a). It also allows for payment by the United States of the expenses of "printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court," and of "preparing a transcript of

proceedings before a United States magistrate judge in any civil or criminal case, if such a transcript is required by the district court." 28 U.S.C. § 1915(b).

However, "[t]here is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 159 (3rd Cir. 1993)(*citing Moss v. ITT Continental Baking Co.,* 83 F.R.D. 624, 625 (E.D.Va. 1979) (quoting *Haymes v. Smith,* 73 F.R.D. 572, 574 (W.D.N.Y. 1976))).

Therefore, Plaintiff's motion for copies will be denied. Plaintiff is once again advised that if he would like his original documents returned to him with a stamp indicating that they have been received by the Court, he may provide a pre-addressed envelope with sufficient postage to return the original documents. Alternatively, Plaintiff may provide an e-mail address where he could receive a free electronic copy of any future documents filed with the Court in the cases where he is representing himself.

Based upon the following, the Court enters the following:

## ORDER

1.  Plaintiff's Motion to Amend his Complaint (*Court's Doc. No*. 12) is **GRANTED IN PART** in that Plaintiff will be allowed to

amend his Complaint to bring claims against Defendants Hickson, Maxwell, and Bass.  The Clerk is directed to add Defendants Hickson, Maxwell, and Bass to the docket.

2.  Plaintiff's Motions for Reconsideration of the Order denying Plaintiff's Motion for Recusal (*Court's Doc. No. 13, 36*) are **DENIED.**

3.  Plaintiff's Motion to Amend (*Court's Doc. No. 13*) is **GRANTED.**  The Clerk of Court shall correct the docket to have Defendant Keyes' name read, "U.S. Marshal Dan R. Keyes."

4.  Plaintiff's Motion to Amend his Complaint (*Court's Doc. No. 21)* is **GRANTED IN PART** in that Plaintiff will be allowed to amend his Complaint to bring claims against Defendants "F.B.I. Agent A46-1665," the United States Probation Office, and Dan Orr. The Clerk is directed to add Defendants "F.B.I. Agent A46-1665," the United States Probation Office, and Dan Orr to the docket.

5.  Plaintiff's Motion for Copies (*Court's Doc. No. 24)* is **DENIED.**

6.  This case is **STAYED** pending resolution of the criminal charges against Plaintiff.  The clerk shall administratively close the case.

7.  If Plaintiff desires to continue with this case after disposition of the criminal charges against him, he must request that the stay be lifted within thirty days of disposition of the

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PENDING MOTIONS / PAGE 21

criminal charges, unless an appeal is filed.  If an appeal is
filed, any request to lift the stay must be filed within thirty
days of completion of the appellate process.

Further the Court enters the following:

## RECOMMENDATION

1.  Plaintiff's Motion to Amend his Complaint (*Court's Doc.
No.* 12) should be **DENIED** in all respects except to the extent it
states claims against Defendants Hickson, Maxwell, and Bass.

2.  Plaintiff's Motions to Amend his Complaint (*Court's Doc.*
Nos. 16, 17, 18, 19, 20, 22, 23, 25, 28 and 29) should be **DENIED**.

3.  Plaintiff's Motion to Amend his Complaint (*Court's Doc.
No.* 21) should be **DENIED** in all respects except for his claims
against Defendants "F.B.I. Agent A46-1665," the United States
Probation Office and Dan Orr.

4.  Plaintiff's Motions for Temporary Restraining Orders
(*Court's Doc. No*s. 15, 16, and 26) should be **DENIED**.

5.  Plaintiff's claim for dismissal of the charges against
him and release (*Court's Doc. Nos. 2 at 5, 12 at 9*) should be
**DISMISSED**.

DATED this 3rd day of January, 2008.


/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge


ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE RE: PENDING MOTIONS / PAGE 22