IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| SANTIAGO VALDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE LINDER, et. al.,<br><br>Defendants. | Cause No. CV-07-0114-BLG-RFC-CSO<br><br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS CASE |

This is a civil rights action arising from allegation of false arrest by the defendant police officers.  Currently pending are Plaintiff Santiago Valdez's Motion to Lift Stay (Court's Doc. No. 52) and Motion to Appoint Counsel.  (Court's Doc. No. 53).

I. NATURE OF SUIT

In this action, filed on August 20, 2007, Valdez alleges that the defendants falsely arrested him on July 17, 2007.  On January 3, 2008,

this matter was stayed pending resolution of criminal charges against

Valdez.  See Court Docs. 37, 45.

Valdez's federal criminal case was closed on July 6, 2009.

(Criminal Action No. 1:07-CR-104-BLG-MRH).  Valdez is currently

incarcerated in Indiana facing criminal charges regarding the warrant

at issue.  (See Documents submitted October 22, 2009).  Nevertheless,

the Court has determined it is appropriate to lift the stay and proceed

with prescreening pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. §

1915A.

## II.  FACT BACKGROUND

Based upon the information and documents provided by Valdez in

this case, and in his earlier filed petition for writ of habeas corpus (Civil

Action No. 07-CV-109-BLG-RFC-CSO), and in his criminal case

(Criminal Action No. 07-CR-104-BLG-MRH), the fact background is as

follows:

On October 22, 2009, Valdez submitted several hundred

documents pertaining to his criminal case in Indiana.  In those

documents was a certified copy of the July 3, 2007 Information,

Affidavit for Probable Cause, Order of Warrant, and Warrant for Valdez's arrest out of the Superior Court of Marion County, Indiana on the charge of robbery.  In addition, Valdez presented a document from the United States Marshals Service regarding a message sent on July 16, 2007, notifying the Marshals Service of the July 3, 2007 arrest warrant.

On February 13, 2008, Defendant Keyes testified at a motions hearing in Valdez's federal criminal case that Valdez was arrested on July 17, 2007, on the July 3, 2007 warrant out of Indiana.  Keyes testified he had a copy of the warrant, the warrant was on NCIC, he had contacted the agency holding the warrant, and they verified over the phone that the warrant was a valid extraditable warrant. (Criminal Action No. 1:07-CR-104-BLG-MRH, Document 169: Motions Transcript, pp. 24:14-15; 29:6-7; 30:2-6).

On July 17, 2007, at approximately 1:10 p.m., as Valdez and his parents were about to enter their vehicle, they were approached by the three men who identified themselves as United States Marshals with a warrant for Valdez's arrest for robbery in Indiana.  Valdez contends the

officers could not produce a warrant but showed Valdez's father a police report by a detective in Indianapolis, Indiana. (Civil Action No. 07-CV-109-RFC-CSO, Court's Doc. No. 1-1, p. 3).

Valdez alleges that as the officers were transporting Valdez to Billings they were making phone calls attempting to find or obtain a warrant for Valdez's arrest.

According to the documents Valdez submitted on October 22, 2009, the Yellowstone County Sheriff's Office sent a message to Indiana at 1:28 p.m. on July 17, 2007, asking for verification of the warrant. At 1:46 p.m., the warrant was confirmed.

On July 18, 2007, Judge Herman of the Yellowstone County Justice Court issued a warrant of detention for Valdez based upon a fugitive from justice complaint. The warrant of detention was based upon a finding that a criminal warrant had been issued for Valdez from the State of Indiana for the crime of robbery. (Civil Action No. 07-CV-109-RFC-CSO, Court's Doc. No. 4-1).

On July 20, 2007, United States Marshal Dan R. Keyes signed an affidavit in support of a criminal complaint in federal court indicating

that on or about July 13, 2007, he received information that Valdez, a convicted sex offender from the State of Indiana, had been residing in Hardin, Montana, since May 2007. Although Valdez was supposed to have provided written notice of any change of address and registered with a new county of residence, he had not registered in Montana. (Criminal Action No. 07-CR-104-MRH, Court's Doc. No. 1). On July 20, 2007, United States District Court Judge Richard Cebull issued a warrant for Valdez's arrest for failing to register as a sex offender. (Criminal Action No. 07-CR-104-MRH, Court's Doc. No. 1).

On February 10, 2009, Valdez was convicted in federal court on the charge of failing to register as a sex offender. (Criminal Action No. 07-CR-104-MRH, Court's Doc. No. 219).

A Governor's Warrant was issued by Governor Brian Schweitzer on July 29, 2009, to return Valdez to Indiana to be prosecuted on the robbery charge. (Documents submitted October 22, 2009).

III. ALLEGATIONS

Valdez contends that the Defendants conspired to violate his federal constitutional rights under the Fourth, Fifth, Eighth, and

Fourteenth Amendments of the United States Constitution as well as provisions of the Montana Constitution.  He alleges Defendants stated they had a warrant for Valdez's arrest but they did not and the warrant produced later was invalid.

## IV.  ANALYSIS

Valdez was convicted for failing to register as a sex offender, and the undisputedly valid arrest warrant on that charge was issued by Chief Judge Richard F. Cebull on July 20, 2007.  See Criminal Action 07-104-MRH, Court's Doc. 1.  Therefore, the only possible remaining claim for false arrest/imprisonment would be for the time between July 17, 2007, when Valdez was arrested on the robbery warrant and July 20, 2007, when the failure to register warrant was issued.[1]  Given all the information submitted to the Court by Valdez, this claim is frivolous and should be dismissed.

Valdez's allegations have been construed as a Fourth Amendment false arrest claim based upon the July 17, 2007 arrest.  Valdez's claims

---

[1]Given the February 10, 2009 conviction, all claims of false arrest/imprisonment arising after July 20, 2007, the date the warrant was issued for failing to register as a sex offender, are barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

are frivolous because Defendants arrested Valdez pursuant to a facially valid warrant. A certified copy of the warrant, dated July 3, 2007, was submitted by Valdez on October 22, 2009. An arrest pursuant to a facially valid warrant does not establish a constitutional violation. Baker v. McCollan, 443 U.S. 137, 144, 99 S.Ct. 2689, 2694, 61 L.Ed.2d 433 (1979); Erdman v. Cochise County, 926 F.2d 877, 882 (9th Cir. 1991). Officers are entitled to rely on an issuing judge's decision that probable cause exists, and will be shielded from any liability relating to the arrest if they relied on the judge's decision in good faith. See also Alvarado v. Bratton, 299 Fed. Appx. 740, 742 (9th Cir. 2008)(recognizing Baker v. McCollan rule that a detention of three days pursuant to a valid warrant does not and could not amount to a deprivation of liberty without due process of law).

Valdez does not appear to dispute the existence of the robbery warrant as he produced a certified copy of the warrant to the Court. His claims appear to revolve more around the idea the warrant was not present at his arrest and his claim that the robbery warrant was invalid.

A.  Warrant in Hand

There is no federal requirement that an officer have a warrant in hand or nearby when he is arresting a suspect.  Instead, when an officer is arresting a suspect pursuant to a warrant and "the officer does not possess the warrant, the officer must inform the defendant of the warrant's existence and of the offense charged and, at the defendant's request, must show the warrant to the defendant as soon as possible."  Fed.R.Crim.P. 4(c)(3)(A).

B.  Whether Warrant was Valid?

A plaintiff may recover civil damages for false arrest in actions brought pursuant to 42 U.S.C. § 1983 if the plaintiff is able to establish the arresting officers lacked good faith and probable cause.  Pierson v. Ray, 386 U.S. 547, 556-57, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Where an arresting officer has a reasonable, good faith belief that he is acting pursuant to a properly issued warrant, the arrest is not a false arrest and is not unconstitutional.  Police officers are qualifiedly immune from a suit for damages arising from an allegedly illegal arrest unless a reasonably well-trained officer in that position would have

known that the affidavit supporting the warrant failed to establish
probable cause. Forster v. County of Santa Barbara, 896 F.2d 1146,
1147-48 (9th Cir.1990); Juriss v. McGowan, 957 F.2d 345, 350 (7th
Cir.1992) ("Generally, a person arrested pursuant to a facially valid
warrant cannot prevail in a § 1983 suit for false arrest; this is so even if
the arrest warrant is later determined to have an inadequate factual
foundation."); see also White v. Olig, 56 F.3d 817 (7th Cir. 1995); Mensh
v. Dyer, 956 F.2d 36, 39-40 (4th Cir. 1991).

Here, there is no contention that any of the Defendants played a
role in obtaining the July 3, 2007 warrant from the Indiana Court.
Therefore, these Defendants would have no idea (and they were not
required to inquire) whether there was an adequate factual foundation
for the warrant. Baker v. McCollan, 443 U.S. 137, 145-146, 99 S.Ct.
2689, 2695 (1979). See also United States v. Hensley, 469 U.S. 221,
232, 233)("[E]ffective law enforcement cannot be conducted unless
police officers can act on directions and information transmitted by one
officer to another and that officers, who must often act swiftly, cannot
be expected to cross-examine their fellow officers about the foundation

for the transmitted information")(quoting <u>United States v. Robinson</u>,
536 F.2d 1298, 1300 (1976).  Defendants are entitled to rely upon a
National Criminal Information Center bulletin and to assume the
reported outstanding warrant was valid.  See <u>Whitely v. Warden,
Wyoming State Penitentiary, 401 U.S. 560, 568 (1971)</u>; <u>Capone v.
Marinelli, 868 F.2d 102 (3d Cir. 1989)</u>; <u>Hill v. Bogans, 735 F.2d 391
(10th Cir. 1984)</u>.

It is possible that Mr. Valdez is still litigating the actual validity
of the warrant in the Indiana court, but that is not the issue before this
Court.  To state a claim for false arrest, Valdez would need to allege
that the Defendants did not rely in good faith on the warrant.  He has
not done so.  Even now, over two years after the arrest, it still appears
the warrant is valid.

Valdez's allegations are frivolous in light of the certified copy of
the warrant; documents showing the United States Marshals were
notified of the warrant on July 16, 2007; the sworn testimony of
Defendant Keyes that he had a copy of the warrant, an NCIC report of
the warrant, and he verified the warrant with Indiana; Valdez's recent
extradition to Indiana on a Governor's warrant on the robbery charge;

and the continuing criminal prosecution of Valdez on the robbery charge.  Even if the warrant is later determined to be invalid, there is nothing before that Court that suggests that the Defendants did not rely in good faith on the robbery warrant.

## III. CONCLUSION

### A.  Leave to Amend

For the reasons set forth above, Valdez's Complaint is frivolous. Given the facts alleged in Valdez's Complaint and the voluminous documents provided by Valdez, the defects set forth above could not be cured by the allegation of other facts.  As such, Valdez's Complaint should be dismissed.

### B.  Motion for Appointment of Counsel

In light of the Court's recommendation to dismiss the Complaint, the motion for appointment of counsel will be denied.

### C.  "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness,

maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The

Court should designate this case as a "strike" under this provision

because Valdez's allegations are frivolous.

    D.  Certification Regarding Appeal

    The Federal Rules of Appellate Procedure provide as follows:

    [A] party who was permitted to proceed in forma pauperis in
    the district-court action, or who was determined to be
    financially unable to obtain an adequate defense in a
    criminal case, may proceed on appeal in forma pauperis
    without further authorization, unless:
    (A) the district court-before or after the notice of appeal is
    filed-certifies that the appeal is not taken in good faith or
    finds that the party is not otherwise entitled to proceed in
    forma pauperis and states in writing its reasons for the
    certification or finding;

Fed.R.App.P. 24(a)(3)(A).

    Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not

be taken in forma pauperis if the trial court certifies in writing that it

is not taken in good faith."  The good faith standard is an objective one.

See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff

satisfies the "good faith" requirement if he or she seeks review of any

issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th

Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS CASE –CV-07-114-BLG-RFC-CSO/ PAGE 12

1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

The frivolous nature of Valdez's claims is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

D. Address Changes

At all times during the pendency of these actions, Valdez SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Valdez's Motion to Lift Stay (Court's Doc. No. 52) is GRANTED.

2.  Valdez's Motion to Appoint Counsel (Court's Doc. No. 53) is DENIED.

Further the Court issues the following:

## RECOMMENDATION

1.  Valdez's Complaint should be dismissed as frivolous.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Valdez's claims are frivolous.

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A)

that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Valdez may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to

Fed.R.App.P. 4(a)(1), should not be filed until entry of the District

Court's final judgment.

DATED this 4th day of November, 2009.


/s/ *Carolyn S. Ostby*
Carolyn S. Otsby
United States Magistrate Judge