# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

**BILLINGS DIVISION**

FILED
BILLINGS DIV.
2011 MAR 3 PM 1 14
PATRICK E. DUFFY
BY _____
DEPUTY CLERK

| | |
|---|---|
| SANTIAGO VALDEZ, | Cause No. CV-07-0114-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | ORDER |
| MIKE LINDER, et al., | |
| Defendants. | |

Currently pending is Plaintiff Santiago Valdez's "Motion for Relief from Judgment or Order with Motion to Amend." (*Court Doc. 59*).

This action was filed on August 20, 2007 as a civil rights action pursuant to 42 U.S.C. § 1983 raising an allegation of false arrest against numerous law enforcement officers involved in the arrest of Valdez on July 17, 2007. The case was stayed between January 3, 2008 and November 4, 2009 pending resolution of the criminal charges against Valdez pursuant to *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). On February 2, 2010, the Complaint was dismissed as frivolous and judgment was entered. (*Court Docs. 57, 58*).

On January 18, 2011, Valdez's signed his Motion for Relief for Judgment but the motion was not received by the Court until February 8, 2011. The motion

is brought pursuant to Rule 60 of the Federal Rules of Civil Procedure.

Rule 60(c) provides for the timing of a Rule 60 motion for relief from judgment requiring that it be "made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Although Valdez's motion was not received by the Court until a year and six days after the judgment was entered, the Court will give Valdez the benefit of the doubt and assume his motion was placed in the prison mail on the date it was signed. Therefore, the motion is deemed timely filed on January 18, 2011. *See Houston v. Lack*, 487 U.S. 266, 275, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (creating the "prison mailbox rule"-deeming a document filed by a pro se prisoner "filed" as of the time the prisoner delivers it to prison authorities for mailing (rather than the time it is received by the court)).

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is

> based on an earlier judgment that has been reversed or vacated;
> or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Valdez moves for relief from judgment on the grounds that he did not place into evidence an affidavit of probable cause as represented by Magistrate Judge Ostby in the November 4, 2009 Findings and Recommendations and that Valdez sent legal documents to the court which were stolen. (*Court Doc. 59, pp. 2-4*).

Valdez has not indicated how either of those two situations, even if true, would change the Court's analysis. The Court found that Valdez failed to state a claim for false arrest because the officers who arrested him on July 17, 2007 relied in good faith on a warrant out of Indiana. Nothing presented by Valdez in his current motion indicates that findings was erroneous. Moreover, Valdez does not explain how the allegedly stolen documents would change the Court's analysis.

Accordingly, the Court issues the following:

## ORDER

Valdez's Motion for Relief from Judgment (*Court Doc. 59*) is **DENIED**.

DATED this 3rd day of March, 2011.

_____
Richard F. Cebull, Chief Judge
United States District Judge