IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| SANTIAGO VALDEZ, | Cause No. CV-07-0114-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | ORDER |
| MIKE LINDER, et al., | |
| Defendants. | |

FILED
BILLINGS DIV.
2011 JUL 19 AM 10
PATRICK E. DUFFY, CLE
BY _____
DEPUTY CLERK

On June 13, 2011, Plaintiff Santiago Valdez filed a document entitled, "Plaintiff shows Facts for Summary Judgment in the Instant Case." (*Court Doc. 62*). The Court has construed this as a motion to alter or amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

By way of background, this action was filed on August 20, 2007 as a civil rights action pursuant to 42 U.S.C. § 1983 raising allegations of false arrest/false imprisonment following his Mr. Valdez's arrest on July 17, 2007. On February 2, 2010, the Complaint was dismissed as frivolous and judgment was entered. (*Court Docs. 57, 58*). Mr. Valdez's conviction for failing to register as a sex offender was vacated on June 2, 2011, presumably prompting Mr. Valdez's filing.

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Valdez's filing simply indicates his conviction for failure to register as a sex offender was vacated by the Ninth Circuit Court of Appeals. Although Mr. Valdez does not identify any cognizable basis for relief under Rule 60(b), the Court presumes Mr. Valdez is seeking to reopen this case based upon the reversal of his conviction. Arguably, Rule 60(b)(5) applies in this case. In the Court's November 4, 2009 Findings and Recommendation, Judge Ostby found that all claims arising from Mr. Valdez's July 20, 2007 arrest for failing to register as a sex offender were barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) because Mr. Valdez had been convicted of failing to register. Those Findings and Recommendations were adopted in full on February 1, 2010. (Court

Doc. 57). Therefore, it could be argued that the Court's dismissal of all claims relating to the arrest for failing to register was based upon an earlier judgment (Mr. Valdez's criminal conviction) which has now been vacated.

Regardless of whether Rule 60(b)(5) is applicable, the reversal of Mr. Valdez's criminal conviction does not change the ultimate disposition of Mr. Valdez's claims. The initial Complaint and the numerous motions to amend make it difficult to discern what precise claim Mr. Valdez might have raised regarding his failure to register charges. The only conceivable claims are a false arrest/false imprisonment claim and potentially a malicious prosecution claim. Both fail as a matter of law.

First, false arrest and false imprisonment claims are considered together and require "detention without legal process." Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 1096 (2007). Here there was no such detention. Mr. Valdez was arrested for failure to register by warrant. He was never detained on the failure to register charge without legal process. Therefore, any false arrest/false imprisonment claim fails as a matter of law.

Once legal process is initiated (as is the case when an arrest is made pursuant to a warrant) only claims for malicious prosecution are cognizable under § 1983. To prevail on a federal malicious prosecution claim in the Ninth Circuit, a

plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995).

Mr. Valdez complained about a number of individuals regarding his prosecution for failure to register as a sex offender but anyone that could possibly be named in a malicious prosecution claim would be entitled to immunity. As set forth in the Court's prior Order of dismissal, all the named judges are entitled to judicial immunity and the named prosecutors are entitled to prosecutorial immunity. Anyone else that could possibly be named would be entitled to qualified immunity.

Qualified immunity protects government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Therefore, any named defendant's entitlement to qualified immunity rests on whether the arrest and prosecution of Mr. Valdez was a violation of clearly established law at the time of the arrest. A constitutional right is clearly established only if the contours of the right are "sufficiently clear that a reasonable official would understand that what he is

doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed. 2d 523 (1987). Thus, "[i]f judges ... disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy." Wilson v. Layne, 526 U.S. 603, 618, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). Officials cannot be expected to predict the future course of the law. Procunier v. Navarette, 434 U.S. 555, 562, 98 S.Ct. 855, 860 (1978). Officials will not be liable for constitutional violations merely because their position "turned out to be incorrect" if "the question was open at the time [they] acted." Mitchell v. Forsyth, 472 U.S. 511, 535, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

That is precisely what occurred in this case. Congress enacted SORNA on July 27, 2006. Carr v. United States, 130 S.Ct. 2229, 2232 (2010) (citing Pub.L. 109–248, Tit. I, 120 Stat. 590); 42 U.S.C. §§ 16901–91. SORNA requires any person who has been "convicted of a sex offense" to register "in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 18 U.S.C. § 2250; 42 U.S.C. §§ 16911, 16913(a). Section 16913(d) of SORNA provides the Attorney General with "the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of [SORNA]." 42 U.S.C. § 16913(d).

Pursuant to this authority, former Attorney General Alberto Gonzales issued an "Interim Rule" in February, 2007 that applied SORNA's failure to register provision retroactively "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]." 28 C.F.R. § 72.3 (2007); Order No. 2868-2007, 72 FR 8894-01, February 28, 2007. Therefore, as of February 2007, the clearly established law was that SORNA applied to Mr. Valdez.

Mr. Valdez's arrest occurred in July 2007. It was not until June 10, 2010, that the United States Supreme Court in Carr v. United States, 130 S.Ct. 2229 (2010) held that § 2250 does not apply to offenders whose interstate travel occurred prior to the effective date of SORNA. On December 27, 2010, the Ninth Circuit held that "SORNA did not become effective against pre-enactment offenders ... until August 1, 2008 . . ." United States v. Valverde, 628 F.3d 1159, 1168-69 (9th Cir. 2010). Id. at 1169.

Therefore it was not clearly established until at least December 27, 2010 that SORNA would not apply to Mr. Valdez's travel to Montana in July 2007. There was no indication and no reason to foresee the subsequent change in the law which resulted in Mr. Valdez's recent release from prison. Even though Mr. Valdez's conviction was overturned, at the time he was arrested, incarcerated, and

convicted, the law was not clearly established such that the named defendant would have known that he was not subject to SORNA. Thus, any named defendant involved in the arrest and prosecution of Mr. Valdez on his failure to register charge would be entitled to qualified immunity and the judgment of the Court dismissing this case must stand.

Accordingly, the Court issues the following:

## ORDER

Valdez's Motion for Relief from Judgment (*Court Doc. 62*) is denied.

DATED this 14th day of July, 2011.

Richard F. Cebull, Chief Judge
United States District Judge